IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| LENDRELL ANTHONY THOMPSON, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| | ) | 1:12CV933 |
| v. | ) | 1:09CR151-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Lendrell Anthony Thompson, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #16]. Petitioner was indicted on two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Counts One and Four), one count of possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), and one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). On June 3, 2009, he pled guilty to both firearm charges (Counts Two and Three), while the possession with intent to distribute charges (Counts One and Four) were dismissed. Petitioner then received a sentence of 57 months on the felon in possession conviction (Count Three) and a consecutive 60 months of imprisonment for the possession of a firearm during and in furtherance of a drug crime conviction (Count Two), for a total combined sentence of 117 months, to be followed by three years of supervised release.

Petitioner raises a single claim for relief in his Motion, contending that his conviction on Count Three under 18 U.S.C. § 922(g)(1) is invalid in light of the decision of the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because his prior state court conviction was not punishable by more than one year in prison. In its Response, the Government concedes that relief as to Count Three is appropriate under § 2255. The Government specifically concedes that Petitioner's prior state conviction for breaking and entering or entering a motor vehicle, listed as the predicate felony in the indictment in this case, would not support a conviction under § 922(g). In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction. Based on this determination, the Government concedes that "the Court should reach the merits of Thompson's claim and vacate Thompson's conviction and sentence for possession of a firearm by a convicted felon in interstate commerce."

In addition, the Government has further affirmatively waived any statute of limitations defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction on Count Three should be vacated,[2] although his conviction on Count

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255, and that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who would not have the requisite prior felony conviction in light of Simmons. See also United States v. Hampton, 1:08CR231-3 (M.D.N.C. Aug. 23, 2012) (vacating conviction and dismissing supervised release revocation hearing
(continued...)

2

Two would remain unaffected.  In reviewing this matter, the Court notes that the offense listed in the indictment as the predicate conviction in Count Three was a Class I felony, and Petitioner had a prior record level of III.  Thus, the maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months.  See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).  Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his Judgment be vacated as to Count Three, and that Count Three of the Indictment be dismissed pursuant to § 2255.  Petitioner's conviction as to Count Two, and the sentence imposed as to Count Two, would not be affected by this determination.  In this regard, the Court notes that Count Two involved a violation of § 924(c)(1)(A)(i), which carried a statutory mandatory minimum sentence of 60 months of imprisonment and three years of supervised release, which is the sentence Petitioner

---

[2](...continued)
based on Government's concession in light of Simmons); United States v. Sheets, 1:08CR418-1 (M.D.N.C. Aug. 8, 2012) (vacating conviction on § 2255 Motion based on the Government's concession in light of Simmons); United States v. Cherry, 1:10CR271-1 (M.D.N.C. Aug. 1, 2012) (recommending that a § 922(g)(1) conviction be vacated on a § 2255 Motion rasing a Simmons claim, based on a concession by the Government that "the claim raised in this ground is cognizable under 28 U.S.C. § 2255").  In taking this position, the Government has agreed that Simmons announced a new substantive rule of criminal law, at least as to those defendants who were convicted under 18 U.S.C. § 922(g)(1) but who would not have a prior felony conviction in light of Simmons. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes").  This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review.  See United States v. Powell, 691 F.3d 554 (4th Cir. 2012).  However, in Powell, the Government took the position that the decision in Simmons, unlike Carachuri, "may have announced a new substantive rule of criminal law."  Id.  Therefore, the Court in Powell did not have before it the issue of whether Simmons was a procedural rule or a substantive rule applicable on collateral review.  Thus, it does not appear that the decision in Powell would preclude the position the Government takes here.  In the circumstances, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.

3

received for that conviction. Because Petitioner already received the lowest possible statutory sentence for the remaining conviction, no resentencing is necessary. Instead, a corrected Judgment should be entered reflecting the 60-month sentence on Count Two, rather than the combined 117-month sentence that Petitioner received for Counts Two and Three. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007) (noting that under the "broad and flexible power" a trial court has in fashioning a remedy when granting relief under § 2255, the court may enter a corrected judgment, rather than conducting a resentencing, if one count is being vacated and the sentence on a remaining count is not affected).

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #16] be GRANTED under § 2255, that the Judgment [Doc. #15] be VACATED as to Count Three, that Count Three of the Indictment [Doc. #1] be DISMISSED, and that a corrected Judgment be entered reflecting a total sentence of 60 months as to Count Two, followed by three years of supervised release, rather than the combined 117-month sentence for Counts Two and Three that was contained in the original Judgment.

This, the 6th day of February, 2013.

               /s/ Joi Elizabeth Peake
               United States Magistrate Judge